**ANDERSON BANTA CLARKSON PLLC**

48 NORTH MACDONALD

MESA, ARIZONA  85201

TELEPHONE (480) 788-3053

Adam C. Anderson/024314

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## PHOENIX DIVISION

| | |
|---|---|
| ELIZABETH FLOCKEN, | Case No.: |
| Plaintiff, | |
| | **COMPLAINT** |
| vs. | |
| | |
| SIERRA COLLECTIONS & CONSULTING, LLC, | |
| Defendant, | |

NOW COMES the plaintiff, ELIZABETH FLOCKEN, by and through her attorneys, ANDERSON BANTA CLARKSON PLLC, and for her Complaint against the defendant, SIERRA COLLECTIONS & CONSULTING, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ELIZABETH FLOCKEN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Waddell, County of Maricopa, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Buckeye Fire Department (hereinafter, "the Debt").

6. The Debt was for an ambulance bill which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. SIERRA COLLECTIONS & CONSULTING, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Arizona. Defendant is registered as a limited liability company in the State of Arizona.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

14. On or about April 20, 2016, Plaintiff received a telephone call from Mr. Steve Conroy, a duly authorized representative of Defendant, who stated that he was calling to collect the Debt from Plaintiff.

15. On or about April 20, 2016, during the course of the telephone call between Defendant and Plaintiff, Defendant stated that the statute of limitations on this debt does not expire for another full year, and therefore the case could still be pursued in court for yet another year.

16. The aforementioned representation had the effect of conveying to an unsophisticated consumer that she could still be brought to court for this matter for up to another year.

17. Defendant's representations, as delineated above, were false, deceptive and misleading given that there does not remain another year left to bring this matter to court. Plaintiff incurred the expense in April of 2010, and therefore, if the creation of the debt was in writing, the statute of limitations would be expiring presently in 2016, and if it is not in writing the statute of limitations expired three years ago.

18. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that any lawsuit to recover for the debt is or will be time-barred in the present year.

19. The aforementioned communication was the first communication Plaintiff had with Defendant.

20. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

21. In its attempts to collect the debt allegedly owed by Plaintiff to Buckeye Fire Department, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

d. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

22. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

23. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELIZABETH FLOCKEN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**ANDERSON BANTA CLARKSON PLLC**

By  /s Adam C. Anderson
　　Adam C. Anderson
　　48 North MacDonald Street
　　Mesa, AZ  85201
　　Attorney for Plaintiff